Law Offices of Vincent S. Wong
Vincent S. Wong. Esq. (VW9016)
39 East Broadway, Suite 306
New York, NY 10002
T: (212) 349-6099
F: (212) 349-6599
*Attorneys for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x

Dian Lin,

Civil Action No.

Plaintiff,

v.

**COMPLAINT**

Shanghai 21 INC.,
Maggie Kwok, and
Yanjing Liang,

Defendants.

-----------------------------------------------------------x

Plaintiff, DIAN LIN, by his undersigned attorneys, the Law Offices of Vincent S. Wong, complaining of defendants hereby states:

## PRELIMINARY STATEMENT

1. Plaintiff Dian Lin ("Plaintiff") brings this action against Defendants Shanghai 21 Inc. ("Shanghai 21"), Maggie Kwok ("Kwok"), and Yanjing Liang ("Liang") (collectively, "Defendants") to recover unpaid minimum wages, unpaid overtime compensation, spread-of-hours pay, unpaid frequency-of-pay damages, statutory damages, liquidated damages, prejudgment interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the New York Labor Law ("NYLL").

2. Plaintiff was employed by Defendants as a delivery worker at Shanghai 21, a restaurant located at 21 Mott Street, New York, New York, from on or about August 8, 2016 through on or about December 24, 2025.

3. During the relevant period, Plaintiff routinely worked approximately sixty-six (66) hours per week over six (6) days per week, yet Defendants failed to pay him overtime compensation as required by federal and state law.

4. Plaintiff routinely worked in excess of forty (40) hours per workweek.

5. Defendants failed to compensate Plaintiff at one and one-half times his regular rate of pay for all hours worked in excess of forty (40) in a workweek.

6. Defendants failed to pay Plaintiff even the applicable minimum wage for all hours worked. From approximately August 2016 through approximately June 2020, Defendants paid Plaintiff a flat daily rate of $80.00 per day for approximately eleven (11) hours of work, resulting in an effective hourly rate of approximately $7.27 per hour. From approximately July 2020 through approximately December 2025, Defendants paid Plaintiff a flat daily rate of $90.00 per day for approximately eleven (11) hours of work, resulting in an effective hourly rate of approximately $8.18 per hour. Both rates fell below the applicable New York City minimum wage at all relevant times.

7. Plaintiff regularly worked shifts exceeding ten (10) hours in a workday, specifically approximately eleven (11) hours per day from approximately 10:30 a.m. to 9:30 p.m.

8. Defendants failed to pay Plaintiff spread-of-hours compensation for days in which the interval between the beginning and end of Plaintiff's workday exceeded ten (10) hours.

9. Defendants created, maintained, and relied upon payroll records and wage statements that materially understated Plaintiff's actual hours worked and falsely reflected payment of overtime compensation and gratuities.

10. Defendants paid Plaintiff in a combination of cash and checks at a flat daily rate, and did not pay the overtime wages or gratuities reflected on Defendants' payroll records.

11. Defendants' paystubs and payroll records falsely reflected tip income averaging approximately $125 to $175 per weekly pay period, when in fact Plaintiff did not receive any tip income. Plaintiff did not receive any of the tips or gratuities reflected on Defendants' payroll records, and no tips were distributed to him by Defendants at any time.

12. Plaintiff did not maintain independent records of his hours worked because Defendants controlled all payroll and timekeeping records. Upon information and belief, Defendants did not maintain any time clock, sign-in sheet, time card, hand scanner, or any other mechanical or written method for recording Plaintiff's hours worked.

13. Plaintiff was instead paid a fixed amount regardless of the number of hours worked.

14. To the extent Defendants contend that payroll records, paystubs, or wage statements accurately reflect Plaintiff's hours worked, wages paid, overtime compensation, or gratuities received, Plaintiff alleges that such records are inaccurate, misleading, and fabricated in whole or in part.

15. Defendants knowingly and intentionally created and maintained false payroll records and wage statements in order to conceal violations of the FLSA and NYLL.

16. Defendants failed to provide Plaintiff with a wage notice at the time of hiring as required by NYLL § 195(1). Defendants also failed to provide Plaintiff with a wage notice at the beginning of each calendar year of his employment, as further required by NYLL § 195(1).

17. Defendants failed to furnish Plaintiff with accurate wage statements as required by NYLL § 195(3).

18. Defendants failed to post the required notices from the New York State Department of Labor regarding the minimum wage, as required by 12 N.Y.C.R.R. § 146-2.1.

19. Defendants failed to provide Plaintiff with meal periods as required by New York Labor Law § 162. Plaintiff worked shifts of more than six (6) hours extending over the noonday meal period and was not provided a meal break of at least thirty (30) minutes. Plaintiff was required to work continuously throughout his entire shift without any break for meals or rest.

20. Defendants failed to pay Plaintiff on a weekly basis as required by New York Labor Law § 191(1)(a), which mandates that manual workers be paid weekly and not later than seven calendar days after the end of the week in which wages are earned. Instead, Defendants paid Plaintiff semi-monthly, covering periods from the 1st through the 15th and from the 16th through the end of each month.

**JURISDICTION AND VENUE**

21. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

22. This Court has supplemental jurisdiction over Plaintiff's New York Labor Law claims pursuant to 28 U.S.C. § 1367.

23. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendants conduct business in this District and the acts complained of occurred within this District.

**THE PARTIES**

24. Plaintiff Dian Lin is an individual residing in New York County, New York.

25. At all relevant times, Plaintiff was employed by Defendants as a delivery worke

26. Defendant Shanghai 21 Inc. is a New York domestic business corporation operating a restaurant known as Shanghai 21 located at 21 Mott Street, New York, New York 10013.

27. Upon information and belief, prior to incorporation, the restaurant was operated as an unincorporated business by one or more of the individual Defendants, and Shanghai 21 Inc. continued the same business operations at the same location with the same employees, including Plaintiff, following its incorporation. Accordingly, Shanghai 21 Inc. is liable as a successor for all obligations arising from the employment of Plaintiff from the commencement of his employment.

28. At all relevant times, Shanghai 21 was an enterprise engaged in interstate commerce within the meaning of the FLSA and had annual gross sales in excess of $500,000.

29. Upon information and belief, at all relevant times herein, Defendant Shanghai 21 used goods and materials produced in interstate commerce and employed workers who handled such goods and materials.

30. Upon information and belief, at all relevant times, Defendant Shanghai 21 constituted an enterprise within the meaning of the FLSA.

31. Upon information and belief, Defendant Shanghai 21 was an employer of Plaintiff within the meaning of the FLSA and NYLL.

32. Upon information and belief, at all relevant times, Defendants employed approximately twenty (20) or more employees at the restaurant.

33. Upon information and belief, Defendant Maggie Kwok was an owner, principal, officer, manager, and/or person exercising operational control over Shanghai 21.

34. Upon information and belief, Kwok possessed authority to hire and fire employees, supervise and control employee work schedules and conditions of employment, determine rates and methods of pay, and maintain employment records.

35. Accordingly, Kwok was an employer within the meaning of the FLSA and NYLL.

36. Upon information and belief, Defendant Yanjing Liang was an owner, principal, officer, manager, shareholder, and/or person exercising operational control over Shanghai 21.

37. Upon information and belief, Liang exercised substantial control over the restaurant's business operations, including regulatory and licensing matters, and possessed authority regarding employment practices and payroll matters.

38. Upon information and belief, Liang possessed authority relating to the restaurant's liquor license and other governmental licensing matters, demonstrating operational control over the business.

39. Upon information and belief, Liang possessed authority to hire and fire employees, supervise work schedules, determine compensation practices, and maintain or oversee employment records.

40. Upon information and belief, Defendants have had continuous, regular, and systematic contacts with the State of New York and conducted substantial business activities within this State.

41. Accordingly, Liang was an employer within the meaning of the FLSA and NYLL.

## STATEMENT OF FACTS

42. Plaintiff commenced employment with Defendants on or about August 8, 2016.

43. Plaintiff's employment with Defendants ended on or about December 24, 2025.

44. Plaintiff worked continuously throughout his employment, except for an approximately one-month period from on or about February 15, 2024 to on or about March 19, 2024.

45. Plaintiff worked as a delivery worker.

46. Plaintiff's primary duties consisted of delivering food orders to customers and performing related tasks as directed by Defendants.

47. Plaintiff's work was performed in the normal course of Defendants' business and was integral to the operation of Defendants' restaurant.

48. Plaintiff did not perform executive, managerial, or administrative duties and was a non-exempt employee under the FLSA and NYLL.

49. Plaintiff generally worked six (6) days per week, with Mondays off.

50. Plaintiff typically worked from approximately 10:30 a.m. until 9:30 p.m., a span of eleven (11) hours.

51. Plaintiff regularly worked approximately sixty-six (66) hours per week.

52. Plaintiff was not provided with any breaks for meals during his shifts. Plaintiff worked continuously from approximately 10:30 a.m. to approximately 9:30 p.m. without any meal period, in violation of New York Labor Law § 162.

53. Plaintiff regularly worked shifts exceeding ten (10) hours in a workday.

54. Defendants failed to pay Plaintiff spread-of-hours compensation for days in which the interval between the beginning and end of Plaintiff's workday exceeded ten (10) hours.

55. Defendants did not pay Plaintiff overtime compensation at one and one-half times his regular rate of pay for hours worked over forty (40) in a workweek.

56. Defendants paid Plaintiff a fixed rate regardless of the number of hours worked and did not properly calculate Plaintiff's regular hourly rate for overtime purposes.

57. Defendants failed to pay Plaintiff the applicable minimum wage. The effective hourly rate of Plaintiff's compensation was below the applicable New York City minimum wage throughout the entirety of Plaintiff's employment.

58. Plaintiff was paid in a combination of cash and checks throughout his employment.

59. Defendants maintained payroll records that falsely reflected substantially fewer hours than Plaintiff actually worked.

60. Defendants' payroll records falsely reflected overtime compensation that Plaintiff never received.

61. Defendants' payroll records falsely reflected gratuities and tip income that Plaintiff never received.

62. Defendants failed to maintain accurate payroll records as required by the FLSA and NYLL.

63. Defendants failed to make, keep, and preserve accurate records of Plaintiff's hours worked and wages paid as required by the FLSA and NYLL.

64. Plaintiff never received the wage notices required by New York Labor Law § 195(1).

65. The wage statements prepared by Defendants were inaccurate and did not accurately reflect Plaintiff's hours worked, wages earned, overtime compensation, or gratuities.

66. Defendants knowingly maintained inaccurate payroll records and wage statements for the purpose of concealing violations of the FLSA and NYLL.

67. Defendants failed to post required notices regarding the minimum wage as mandated by 12 N.Y.C.R.R. § 146-2.1.

68. Defendants' violations were willful, intentional, and not made in good faith. Defendants' willfulness is further evidenced by their failure to post required minimum wage notices, their creation and maintenance of an elaborate system of false payroll records designed to conceal their violations, and their simultaneous maintenance of two compensation systems: a fraudulent payroll system reflecting fictitious hours, wages, overtime, and tips, and an actual cash and check payment system paying Plaintiff a flat daily rate far below the minimum wage with no overtime.

**FIRST CAUSE OF ACTION**

**Fair Labor Standards Act — Minimum Wage**

69. Plaintiff repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

70. At all relevant times, defendants employed Plaintiff within the meaning of the FLSA.

71. Defendants failed to pay a salary greater than the minimum wage to Plaintiff for all hours worked.

72. As a result of Defendants' willful failure to compensate Plaintiff at a rate at least equal to the federal minimum wage for each hour worked, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 206.

73. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

74. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

## New York Labor Law — Minimum Wage

*75.* Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

*76.* At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

*77.* Defendants willfully violated Plaintiff's rights by failing to pay their compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

*78.* Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

*79.* Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

*80.* Defendants failed to pay Plaintiff the minimum wage required by New York Labor Law and applicable regulations.

## THIRD CAUSE OF ACTION

## Fair Labor Standards Act — Overtime

*81.* Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

*82.* At all relevant times, defendants employed Plaintiffs within the meaning of the FLSA.

*83.* At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to Plaintiffs for hours he worked in excess of forty hours per workweek.

*84.* As a result of Defendants' willful failure to compensate Plaintiffs at a rate at least one-and-one half times the regular rate of pay for work performed in excess of forty hours per workweek, Defendants have violated the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

*85.* The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

*86.* Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## **FOURTH CAUSE OF ACTION**

### **New York Labor Law — Overtime**

*87.* Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

*88.* Defendants failed to pay overtime compensation as required by New York Labor Law and the applicable regulations. At all relevant times, Plaintiffs were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

*89.* Defendants willfully violated Plaintiffs' rights by failing to pay his overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146. Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

*90.* Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and §663(1).

**FIFTH CAUSE OF ACTION**

**New York Labor Law — Spread of Hours**

*91.* Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

*92.* At all relevant times, Plaintiffs were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

*93.* Defendants willfully violated Plaintiffs' rights by failing to pay him an additional hour's pay at the minimum wage for each day he worked more than ten hours, in violation of the New York Labor Law §§ 650 et seq. and its regulations in 12 N.Y.C.R.R. § 146-1.6.

*94.* Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

*95.* Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants his unpaid compensation, liquidated damages, interest reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

**SIXTH CAUSE OF ACTION**

**Frequency of Pay — NYLL §191**

*96.* Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

*97.* Plaintiff was a "manual worker" within the meaning of New York Labor Law § 190(4) whose work involved primarily physical labor.

*98.* Under New York Labor Law § 191(1)(a), manual workers must be paid on a weekly basis, not later than seven calendar days after the end of the week in which wages are earned.

*99.* Defendants paid Plaintiff only twice per month, rather than on a weekly basis as required by law.

*100.* Defendants' failure to pay Plaintiff on a weekly basis violated New York Labor Law § 191(1)(a).

*101.* As a result of Defendants' violation, Plaintiff is entitled to recover liquidated damages, reasonable attorney's fees, and costs pursuant to NYLL § 198.

*102.* The FLSA prohibits an employer from keeping any portion of the tips received by its employees for any purpose, including permitting managers or supervisors to retain any portion of employees' tips, regardless of whether the employer claims a tip credit.

*103.* NYLL § 196-d prohibits an employer, its agent, or an officer or agent of a corporation from directly or indirectly demanding or accepting any portion of an employee's gratuities, except for the lawful administration of a valid tip-sharing or tip-pooling arrangement among eligible employees.

*104.* Defendants demanded, accepted, withheld, retained, diverted, misappropriated, and/or failed to distribute tips and gratuities belonging to Plaintiff.

*105.* Defendants' retention and diversion of Plaintiff's tips and gratuities were not part of a lawful tip-sharing or tip-pooling arrangement limited to employees legally eligible to receive gratuities.

*106.* By retaining, diverting, and/or failing to distribute Plaintiff's tips and gratuities, Defendants violated 29 U.S.C. § 203(m)(2)(B) and NYLL § 196-d.

*107.* As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered damages in an amount equal to all tips and gratuities unlawfully retained, withheld, diverted, or misappropriated by Defendants.

*108.* Defendants' violations of the FLSA and NYLL were willful and were not undertaken in good faith or upon reasonable grounds for believing that their conduct complied with applicable law.

*109.* Plaintiff is therefore entitled to recover all unlawfully retained tips and gratuities, an equal amount as liquidated damages, prejudgment interest to the extent permitted by law, reasonable attorneys' fees and costs, and all other legal and equitable relief authorized by the FLSA and NYLL.

**SEVENTH CAUSE OF ACTION**

**New York Labor Law – Wage Theft Prevention Act)**

*110.* Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

*111.* At all relevant times, Plaintiffs were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

*112.* Defendants willfully violated Plaintiffs' rights by failing to provide them with the wage notices required by the Wage Theft Prevention Act when they were hired, or at any time thereafter, as required by NYLL §195(1).

*113.* Defendants willfully violated Plaintiffs' rights by failing to provide him with weekly wage statements required by the Wage Theft Prevention Act at any time during their employment, as required by NYLL §195(3).

*114.* Due to Defendants' New York Labor Law violations relating to the failure to provide compliant, accurate paystubs, Plaintiffs are entitled to recover from the Defendants statutory damages, up to the maximum statutory damages.

*115.* Due to Defendants' New York Labor Law violations relating to the failure to provide wage notices, Plaintiffs are entitled to recover from the Defendants statutory damages up to the maximum statutory damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

**A.** Unpaid minimum wages;

**B.** Unpaid overtime compensation;

**C.** Unpaid spread-of-hours compensation;

**D.** Damages for frequency-of-pay violations;

**E.** Liquidated damages pursuant to the FLSA and NYLL;

**F.** Statutory damages pursuant to NYLL § 198 for wage notice violations;

**G.** Statutory damages pursuant to NYLL § 198 for wage statement violations;

**H.** Prejudgment interest;

**I.** Post-judgment interest;

**J.** Attorneys' fees and costs;

**K.** Such other and further relief as the Court deems just and proper.

Dated: July 31, 2026
New York, NY

Respectfully submitted,

*/s/Vincent S. Wong*
Vincent S. Wong, Esq. (VW9016)